IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

WALTER MELENDREZ-LEIVA,
aka Walter Melendrez-Leyva,

    Movant.

No. CR S-04-0097 MCE KJM P

FINDINGS AND RECOMMENDATIONS

Movant is a federal prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2255. Movant stands convicted, pursuant to a guilty plea, of illegally entering the United States. On June 15, 2004, he was sentenced to 51 months in the Federal Bureau of Prisons.

Respondent points to the fact that movant waived his right to file a § 2255 habeas application in his plea agreement (Opp'n, Ex. A ¶ 5) and argues that the waiver alone provides a basis for denying movant's application. The Ninth Circuit Court of Appeals has found that a waiver of the right to file a § 2255 motion made pursuant to plea negotiations is enforceable except with respect to a claim that the plea was involuntary or entered into unintelligently. See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005).

1

In light of the above, the court finds that all of movant's claims, except those in which movant suggests his plea of guilty was entered into involuntarily or unintelligently, are waived.

Grounds 1 and 2 in movant's application do not challenge the voluntariness of the plea. In Ground 3, movant asserts his counsel "misled the defendant as to the consequences of his guilty plea." But movant fails to explain how. It appears movant believes he could have received a lighter sentence than he did if he had understood, before he pled guilty, the import of United States v. Booker, 543 U.S. 220 (2005), and other cases concerning the facts that must be found by a jury instead of a judge in order to justify the length of a defendant's sentence. However, plaintiff fails to identify any facts in support of such a claim.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Movant's November 1, 2004 application for writ of habeas corpus be denied;

2. This action be dismissed; and

3. The Clerk of the Court be directed to close the companion civil case CIV S 04-02339 MCE KJM P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2008.

U.S. MAGISTRATE JUDGE

1/mele0097.257